IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RANDAL STRAUSS, | ) | |
| | ) | |
| Plaintiff, | ) | 4:12CV3213 |
| | ) | |
| v. | ) | |
| | ) | |
| CENTENNIAL PRECIOUS METALS, INC., a Colorado Corporation, | ) ) ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

    This is a diversity action arising out of the parties' online business venture promoting the sale of precious metals. Plaintiff Randal Strauss ("Strauss") requests the winding up and dissolution of the parties' "de facto" partnership and alleges breach of contract and, alternatively, unjust enrichment. (Filing 1-2, Complaint.) Defendant Centennial Precious Metals, Inc.'s ("Centennial's") answer (filing 19) asserts 19 affirmative defenses, 12 of which the Strauss moves to strike pursuant to Fed. R. Civ. P. 12(f) (filing 22) for the following reasons:

    (1)    Affirmative Defense 14[1] fails to comply with the particularity requirements of Fed. R. Civ. P. 9(b).

    (2)    Affirmative Defenses 1, 2, 3, 4, 5, 6, 7, 10, 13, 15, and 16[2] fail to

---

    [1]This affirmative defense is excuse "due to mistake." (Filing 19 ¶ 14.)

    [2]These affirmative defenses are failure to state a claim upon which relief can be granted; estoppel; laches; statutes of limitations; waiver; unclean hands; the "after-acquired evidence doctrine"; "ratification, acquiescence, merger and/or accord and satisfaction"; excuse "through subsequent abandonment, modification, or novation"; Plaintiff's prior breach; and statute of frauds. (Filing 19.)

give fair notice of potential defenses under Fed. R. Civ. P. 8 and are "conclusory, unsupported by factual allegations, and implausible under the standards set forth by the United States Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)." (Filing 22 ¶ 5.)

**COMPLAINT & ANSWER**

Plaintiff Strauss alleges that defendant Centennial contacted him by e-mail "seeking [his] assistance and collaboration in developing an online business venture whereby [Plaintiff] and Defendant would promote sales of precious metals through a website called USAGold.com." (Filing 1-2, Complaint, at CM/ECF p. 2.) The parties agreed to "enter into business" in February 1999 and, pursuant to the "agreed terms . . . of the business venture," Strauss would provide "content and analysis services in an effort to draw traffic to the website USAGold.com and develop the business" in exchange for 10 percent of Centennial's internet-connected retail profit. (Filing 1-2, Complaint, at CM/ECF p. 2.)

Strauss alleges that the parties "associated and entered into a partnership to 'carry on as co-owners a business for profit,' namely, to create a successful internet retail operation." (Filing 1-2, Complaint, at CM/ECF p. 5.) Further, the parties "shared the risks and benefits of the partnership including all profits." (Filing 1-2, Complaint, at CM/ECF p. 5.)

Strauss claims that the business venture proceeded under agreed terms for a number of years, "during which both parties received the benefits of each other's work and contributions." (Filing 1-2, Complaint, at CM/ECF p. 3.) Strauss further alleges that his services—which included providing content, analysis, development, technical support, imagery, search-engine optimization, positive references and goodwill through public communication, and consultation with Centennial's staff—were crucial to the development and success of USAGold.com. (Filing 1-2, Complaint, at CM/ECF p. 3.)

According to Strauss's complaint, he received 10 percent of Centennial's internet-connected retail profit on a monthly basis from February 1999 until August 2005, at which time Centennial informed Strauss that it wished to amend the terms of the business venture to reduce Strauss's share to 7.5 percent in order to fund expansion of the office, staff, and scope of operations. Strauss reluctantly agreed "for the benefit of the parties' business venture." (Filing 1-2, Complaint, at CM/ECF p. 4.) Strauss received 7.5 percent of internet profits from August or September 2005 until the fall of 2009. In November 2009, Centennial informed Strauss that "it wished to unilaterally amend the terms" of the business venture to reduce Strauss's share to a flat rate of $8,000 per month. Strauss claims that "[u]nder protest, and without waiving his claim to seven and one-half percent (7.5%) of the internet connected retail profits," Strauss received $8,000 per month from December 2009 until May 2011, after which Centennial stopped making payments to him, but continued to enjoy the benefits of his contributions to the parties' business venture. Strauss alleges that Centennial has "engaged in conduct . . . which makes it unreasonably practicable for [Plaintiff] to carry on the business in partnership with Defendant, and/or . . . in conformity with the parties' agreement." (Filing 1-2, Complaint, at CM/ECF p. 5.)

Centennial's answer (filing 19) denies that it developed or entered into a partnership or business venture with Strauss, but admits that it contracted with Strauss in February 1999 to act as an independent contractor in performing services related to Centennial's website. Centennial alleges that the parties mutually ended this independent-contractor agreement in May 2011, and Centennial stopped paying Strauss a fee for any independent contractor services. (Filing 19 ¶ 22.) Centennial then asserts 19 affirmative defenses in list format with no further factual allegations. *See supra* notes 1, 2.

## MOTION TO STRIKE

Federal Rule of Civil Procedure 12(f) allows the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

matter." The Eighth Circuit Court of Appeals has stated that because this rule is phrased "in the permissive," it has "always been understood that the district court enjoys liberal discretion thereunder." *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (internal quotation marks and citation omitted). "Despite this broad discretion however, striking a party's pleadings is an extreme measure, and, as a result, we have previously held that motions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted." *Id.* (internal quotation marks, citations, and alterations omitted).

### A. Fed. R. Civ. P. 9(b)

Plaintiff Strauss first argues that Centennial's affirmative defense that "[s]ome or all of Plaintiff's claims are barred because Centennial's performance of the alleged contract was excused due to mistake" does not meet the pleading standards of Fed. R. Civ. P. 9(b), which requires a party to "state with particularity the circumstances constituting . . . mistake."

> A well-pleaded claim grounded on mistake should include averments of what was intended, what was done, and how the mistake came to be made. Inasmuch as the second sentence of Rule 9(b) provides that intent and other conditions of mind may be averred generally, and since the particularity requirement is liberally construed when information as to the causative factors of the error is peculiarly within the knowledge of the opposing party, the pleading requirement set out in Rule 9(b) is not overly difficult to meet. As a result, unlike the case law on pleading fraud, few federal courts have had occasion to conclude that mistake was pleaded with insufficient particularity.

5A Charles Alan Wright et al., *Federal Practice & Procedure* § 1299 (3d ed. Westlaw 2013) (footnotes omitted).

Centennial's affirmative defense of "mistake" does not identify the nature of the "mistake," the circumstances of the "mistake" (such as "what was done" and "how the

mistake came to be made," *Id.* § 1299), and what claims are barred by the alleged "mistake." In short, Centennial has alleged no information whatsoever regarding the purported "mistake," clearly failing to meet the "particularity" requirement of Rule 9(b) and constituting an "insufficient defense" under Fed. R. Civ. P. 12(f).

Therefore, I shall grant Strauss's motion to strike (filing 22) insofar as it applies to Affirmative Defense 14 (mistake) without prejudice to the filing of an amended answer that sufficiently alleges the affirmative defense of mistake in accordance with Fed. R. Civ. P. 9(b).[3]

**B. Fed. R. Civ. P. 8**

Strauss next moves to strike Affirmative Defenses 1, 2, 3, 4, 5, 6, 7, 10, 13, 15, and 16 for failure to comply with the general pleading standards set forth in Fed. R. Civ. P. 8. Federal Rule 8(c) governs the pleading of affirmative defenses and requires a party to "affirmatively state any avoidance or affirmative defense, including [listing several affirmative defenses]." Federal Rule 8(d) states that "[e]ach allegation must be simple, concise, and direct. No technical form is required." Further, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e).

> As numerous federal courts have held, an affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives the plaintiff fair

---

[3]No one argues that the particularity requirement of Fed. R. Civ. P. 9(b) does not apply to the pleading of affirmative defenses; therefore, I shall assume that rule is applicable in this context. *See, e.g., Cynergy Ergonomics, Inc. v. Ergonomic Partners, Inc.*, No. 4:08-CV-243, 2008 WL 2817106, at *5 (E.D. Mo. July 21, 2008) (affirmative defenses of unclean hands and inequitable conduct were governed by Fed. R. Civ. P. 9(b) because defendants alleged that plaintiff engaged in fraudulent behavior); *Enterprise Rent-A-Car Co. v. U-Haul Intern., Inc.*, No. 4:03-CV-1480, 2006 WL 4899925, at *4 (E.D. Mo. Aug. 17, 2006) (reviewing affirmative defenses alleging fraud under Fed. R. Civ. P. 9(b)).

>   notice of the nature of the defense. The only exceptions are the defenses
>   that fall within the special pleading provisions in Rule 9, especially Rule
>   9(b), which deals with fraud, mistake, and condition of the mind, or the
>   terms of a federal statute.

5 Charles Alan Wright et al., *Federal Practice & Procedure* § 1274 (3d ed. Westlaw 2013) (footnotes omitted). The Eighth Circuit Court of Appeals agrees. "The rules do not require a party to plead every step of legal reasoning that may be raised in support of its affirmative defense; they only require a defendant to state in short and plain terms its defenses to a plaintiff's claims. See F.R. Civ. P. 8(c)." *Wisland v. Admiral Beverage Corp.*, 119 F.3d 733, 737 (8th Cir. 1997). "While [an affirmative] defense must be asserted in a responsive pleading, it need not be articulated with any rigorous degree of specificity, and is sufficiently raised for purposes of Rule 8 by its *bare assertion*." *Zotos v. Lindbergh School Dist.*, 121 F.3d 356, 361 (8th Cir. 1997) (finding statute-of-limitations affirmative defense to be sufficiently raised under Federal Rule 8(c), even though specific statute not cited) (internal quotation marks, some alterations, and citations omitted); *see also Holway v. Negro Leagues Baseball Museum*, No. 06-2023, 2008 WL 360965, at *1 (8th Cir. Feb. 12, 2008) (statute-of-limitations affirmative defense not waived by failure to cite specific statute in answer).

Besides concluding in *Zotos* and *Holway* that pleading an affirmative statute-of-limitations defense did not require citation of the statute relied upon in order to comply with Fed. R. Civ. P. 8, the Eighth Circuit Court of Appeals has also held that the *name* of the defense need not be pleaded when allegations in the answer sufficiently raised the defense. In *Barnwell & Hays, Inc. v. Sloan*, 564 F.2d 254, 255-56 (8th Cir. 1977), the court found that while waiver is an affirmative defense that must be affirmatively pleaded pursuant to Fed. R. Civ. P. 8(c), the failure to use the word "waiver" in the answer did "not necessarily mean that the answer did not raise the affirmative defense." *Sloan*, 564 F.2d at 255. Rather, the allegation that the parties' agreement had been modified by a verbal agreement "was sufficient to apprise the plaintiff of defendant's intention to rely on this transaction as a defense" and "[t]o hold that defendant's answer was insufficient to inject the issue of waiver into the case would impose a requirement

6

of undue formalism which is inconsistent with [the] liberal purpose" of the Federal Rules of Civil Procedure, which "were designed to liberalize pleading requirements." *Id.* at 255-56.

Because the Eighth Circuit Court of Appeals has made it clear that affirmative defenses "need not be articulated with any rigorous degree of specificity" and are "sufficiently raised for purposes of Rule 8 by [their] *bare assertion*," *Zotos*, 121 F.3d at 361, the plaintiff's motion (filing 22) to strike Affirmative Defenses 1, 2, 3, 4, 5, 6, 7, 10, 13, 15, and 16 for failure to comply with Fed. R. Civ. P. 8 will be denied.

### C. *Twombly & Iqbal*

Finally, Strauss argues that Affirmative Defenses 1, 2, 3, 4, 5, 6, 7, 10, 13, 15, and 16 should be stricken because they are "conclusory, unsupported by factual allegations, and implausible under the standards set forth by the United States Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)." (Filing 22 ¶ 5.) As an initial matter, it is unclear whether the *Iqbal/Twombly* pleading standard applies to affirmative defenses.

Strauss concedes that the Eighth Circuit Court of Appeals has not addressed the issue, but argues that the majority of federal district courts have decided that the *Iqbal/Twombly* pleading standard does apply to the pleading of affirmative defenses. (Filing 23, Pl.'s Br. Supp. Mot. Strike at CM/ECF p. 10-13 (collecting cases).) Strauss contends that a defendant must plead an adequate factual basis for an affirmative defense where the basis is not apparent by the defense's bare assertion; that the answer must contain sufficient factual matter to demonstrate the defense is plausible on its face and the plaintiff is subject to the defense in question; and that merely listing affirmative defenses is insufficient without an explanation or discussion of why the defense is pled or how it is implicated in the case. (Filing 23 at CM/ECF p. 12.)

It is clear that federal district courts, as well as those in academia, disagree

regarding whether the *Iqbal/Twombly* pleading standard applies to the pleading of affirmative defenses.[4] Federal district courts within the Eighth Circuit even disagree.[5]

---

[4]*See* 5 Federal Practice & Procedure § 1274 (collecting cases); Note, *Plausible Defenses: Historical, Plain Meaning, and Public Policy Arguments for Applying Iqbal and Twombly to Affirmative Defenses*, 96 Minn. L. Rev. 1828 (2012) (advocating that *Iqbal/Twombly* standard should apply to pleading of affirmative defenses); Note, *Should Twombly and Iqbal Apply to Affirmative Defenses?*, 64 Vand. L. Rev. 1633 (2011) (*Iqbal/Twombly* standard should not apply to pleading of affirmative defenses); Note, *The Twombly Standard and Affirmative Defenses: What is Good for the Goose is not Always Good for the Gander*, 79 Fordham L. Rev. 2173 (2011) (*Iqbal/Twombly* standard should not apply to pleading of affirmative defenses).

[5]For cases in the Eighth Circuit holding that the *Iqbal/Twombly* standard does not apply to the pleading of affirmative defenses, see *Citimortgage, Inc. v. Draper & Kramer Mortgage Corp.*, No. 4:10CV1784, 2012 WL 3984497 (E.D. Mo. Sept. 11, 2012) (collecting cases and agreeing with reasoning of cases that hold that *Iqbal/Twombly* pleading standard does not apply to affirmative defenses); *U.S. Bank Nat'l Ass'n v. Education Loans Inc.*, Civ. No. 11-1445, 2011 WL 5520437 (D. Minn. Nov. 14, 2011) (same; district court was bound by Eighth Circuit Court of Appeals *Zotos* case holding that affirmative defenses need not be articulated with any rigorous degree of specificity and are raised only by their bare assertion; text of Fed. R. Civ. P. 8(b) and (c) require defenses to be stated in short, plain terms and affirmatively stated, but rules do not require defendant to plead sufficient facts to establish plausibility of affirmative defenses, as they are not "claims for relief" encompassed by stricter requirements of Rule 8(a)); *Bank of Beaver City v. Southwest Feeders, L.L.C.*, No. 4:10CV3209, 2011 WL 4632887 (D. Neb. Oct. 4, 2011) (Fed. R. Civ. P. 8(a), which requires statement showing that pleader is entitled to relief, does not apply to affirmative defenses under Rule 8(c); *Iqbal* and *Twombly* analyzed Fed. R. Civ. P. 8(a)(2) and should not be read to govern pleading affirmative defenses under Rule 8(c); extension of *Iqbal/Twombly* pleading standard to affirmative defenses is "incompatible" with Eighth Circuit's *Zotos* and *Wisland* holdings); *Ash Grove Cement Co. v. MMR Constructors, Inc.*, No. 4:10-CV-4069, 2011 WL 3811445 (W.D. Ark. Aug. 29, 2011) (*Twombly's* analysis under Fed. R. Civ. P. 8(a) does not apply to pleading of affirmative defenses under Rule 8(c)); *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049 (D. Minn. 2010) (*Twombly/Iqbal* requirement that plaintiff plead sufficient facts to state plausible claim for relief under Fed. R. Civ. P. 8(a) does not apply to pleading affirmative defenses under Rule 8(c), as affirmative defenses are not

8

The parties admit that the Eighth Circuit Court of Appeals has not addressed whether the *Iqbal/Twombly* standard applies to the pleading of affirmative defenses, and the *Iqbal* and *Twombly* cases themselves are silent on the issue. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

In light of the lack of binding authority, the Eighth Circuit Court of Appeals' holdings that a minimal pleading standard applies to affirmative defenses, *see Wisland*, *Zotos*, *Holway*, and *Sloan*, *supra*, and the fact that these rulings do not appear to have been changed by *Iqbal* and *Twombly*, I find the defendant's affirmative defenses to be adequately stated under Fed. R. Civ. P. 8(c) and the *Iqbal/Twombly* pleading standard to be inapplicable to those affirmative defenses. Therefore, Strauss's Motion to Strike Affirmative Defenses 1, 2, 3, 4, 5, 6, 7, 10, 13, 15, and 16 because Centennial's affirmative defenses do not comply with the pleading standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), must be denied.

Accordingly,

IT IS ORDERED that the Motion to Strike Certain Affirmative Defenses From

---

claims for relief; applying *Iqbal/Twombly* pleading standard to affirmative defenses would result in additional rounds of motion practice because defendants would plead fewer affirmative defenses initially and, after discovery, move to amend answer to add affirmative defenses). For cases in this circuit holding that the *Iqbal/Twombly* standard applies to the pleading of affirmative defenses, see *Shaw v. Prudential Ins. Co. of America*, No. 10-CV-3355, 2011 WL 5920912 (W.D. Mo. Nov. 28, 2011) (while *Iqbal* did not explicitly discuss pleading of affirmative defenses and Circuit Courts of Appeal have not ruled on the issue, it "makes sense" to apply *Iqbal* standard to affirmative defenses based on majority of district court decisions); *Semco, LLC v. Huntair, Inc.*, No. 11-4026-CV-C-FJG, 2011 WL 3206873 (W.D. Mo. July 28, 2011) (*Iqbal/Twombly* standard applies to the pleading of affirmative defenses); *Amerisure Ins. Co. v. Thomas*, No. 4:11CV642, 2011 WL 3021205 (E.D. Mo. July 21, 2011) (finding "majority view persuasive" and holding that *Iqbal/Twombly* standard applies to pleading of affirmative defenses).

Defendant's Answer (filing 22) is granted in part and denied in part, as follows:

(1)     The plaintiff's Motion to Strike (filing 22) is granted insofar as it applies to Affirmative Defense 14 (mistake) without prejudice to the filing of an amended answer that alleges the affirmative defense of mistake in accordance with Fed. R. Civ. P. 9(b);

(2)     The defendant may file an amended answer for the sole purpose of alleging the affirmative defense of mistake in accordance with Fed. R. Civ. P. 9(b) on or before May 3, 2013, and such amended answer shall clearly indicate what language has been added, changed, or deleted;

(3)     The plaintiff's Motion to Strike (filing 22) Affirmative Defenses 1, 2, 3, 4, 5, 6, 7, 10, 13, 15, and 16 for failure to comply with Fed. R. Civ. P. 8 is denied;

(4)     The plaintiff's Motion to Strike (filing 22) Affirmative Defenses 1, 2, 3, 4, 5, 6, 7, 10, 13, 15, and 16 because the defendant's affirmative defenses do not comply with the pleading standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), is denied.

DATED this 23rd day of April, 2013.

> BY THE COURT:
> *Richard G. Kopf*
> Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.